UNITED STATES OF AMERICA,

v.                                    Case No.: 8:25-cr-106-VMC-AAS-1

RAYQUAN RAINEY                      /

## UNOPPOSED MOTION TO CONTINUE TRIAL TERM

Defendant, Rayquan Rainey, by and through undersigned counsel and pursuant to Local Rule 3.08, moves this Court to continue the trial term set for the Court's January 2026 trial term to March 2026 trial term. The government is not opposed to this request. As grounds in support thereof, Mr. Rainey, states:

1. Mr. Rayquan Rainey had his initial appearance and arraignment on June 16, 2025, where he was charged via five-count indictment with Possession of a Firearm or Ammunition by a Convicted Felon, Drug Trafficking Conspiracy, Possession with Intent to Distribute Controlled Substance, Possessing a Firearm in Furtherance of a Drug Trafficking Crime and Possession, in violation of 21 U.S.C. § 846, § 8411(a)(1), 18 U.S.C. § 922 (g)(1) and § 924 (c). Docs. 1 and 14.

2. A pretrial discovery notice set this matter for August 2025 trial term. Doc. 17.

3. Mr. Rainey was ordered detained and has remained detained since his arrest. Doc. 16.

4. Two continuances have been sought and were granted by this Court, resetting the trial term for January 2026. Docs. 26,29, 38 and 40.

5. This Court entered an Order on December 12, 2025, permitting parties to continue matter to March 2026 trial term contingent upon a motion and waiver of speedy trial through March 31, 2026. Doc.49.

6. Defense is respectfully seeking a continuance to March 2026 trial term to permit negotiations regarding plea agreement to conclude and to allow time to prepare for trial in the event that plea negotiations are unsuccessful.

7. Undersigned has conferred with Assistant United States Attorney Brooke Padgett, who has advised that the government does not oppose the relief sought in this motion.

8. This request is made in good faith, in the interests of justice, and not to unnecessarily delay the proceedings. Mr. Rainey waives speedy trial through March 31, 2026. The undersigned has authority to waive speedy trial pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

# MEMORANDUM OF LAW

Local Rule 3.08 states that a party must timely move for a continuance and explain the reason a continuance is justified and the effort to resolve any scheduling conflict. Mr. Rainey argues that this motion satisfies the criteria of the local rule. Finally, 18 U.S.C. § 3161(h)(8) provides that any period of delay resulting from a continuance at the defendant's request shall be excluded from speedy trial calculations if the judge finds that the ends of justice outweigh the best interests of the public and the defendant in a speedy trial. The ends of justice warrant a continuance in this case.

WHEREFORE, the Defendant, Mr. Rayquan Rainey, respectfully requests this Honorable Court to make a proper finding that the ends of justice served by a continuance outweigh the best interests of the public and Mr. Rainey in a speedy trial and enter an Order continuing the trial term to March 2026 trial term.

Respectfully submitted this 15th day of December 2025,

> CHARLES L. PRITCHARD,JR.
> FEDERAL PUBLIC DEFENDER
>
> */s/ Ryan J. Maguire*
> Ryan J. Maguire, Esq.
> Assistant Federal Defender
> Florida Bar No. 117534
> 400 North Tampa St. Suite 2700
> Tampa, FL 33602

Telephone: (813) 228-2715
Facsimile: (813) 228-2562
Email: ryan_maguire@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of December 2025, a true copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to:

Brooke Michelle Padgett, AUSA

> */s/ Ryan J. Maguire*
> Ryan J. Maguire, Esq.
> Assistant Federal Defender